# EXHIBIT A

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021L 000181
Filed Date: 8/27/2021 3:38 PM
Envelope: 14612589
Clerk: AHD

IN TH E CIRCUIT COURT OF THE TEWLFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| Todd M. Lenoir ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2021 L 000181 |
| ) | |
| Village of Crete, a municipal ) | |
| corporation, and individual ) | |
| Defendant, Officer R. Kiser ) | |
| ) | |
| Defendants ) | |

## AMENDED COMPLAINT

Plaintiff, Todd Lenoir, by and through his attorney, Robert A. Wilson, Attorney at Law, for his Complaint against Defendant, Village of Crete, a municipal corporation, and individual Defendant, Officer R. Kiser alleges as follows:

## THE PARTIES

1. Todd M. Lenoir is a resident of Crete, IL

2. Defendant, Village of Crete is a legal entity incorporated under the laws of the State of Illinois.

3. Officer R. Kiser is a Crete Police Officer, who at all times pertinent hereto, acted in his capacity as officer and employee of the Defendant Village of Crete Police Department and acted under color of law.

ARDC: 3122602

1

REQUEST RECEIVED ON-ELINDSLEY@JSOTOSLAW.COM-09/14/2021 12:02:11 PM DOCUMENT SUPPLIED ON 09/15/2021 10:25:39 AM # 17197203387

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendants as they are residents of Illinois and all actions complained of herein occurred in Illinois.

5. Venue is proper in this Court because all the conduct complained of herein occurred in Will County.

## SPECIFIC ALLEGATIONS COMMON TO ALL COUNTS

6. On March 2, 2020, Plaintiff, Todd M. Lenoir was operating a motor vehicle on Steger Road, Crete, IL returning to his mothers' residence at 3529 Arthur Road, Crete, IL

7. At that place and time, Defendant, Officer R. Kiser, has followed Plaintiff to his mothers' residence.

8. Defendant, R. Kiser, confronted Plaintiff, Todd M. Lenoir, and proceeded to physically abuse him. The physical abuse of Plaintiff, Todd M. Lenoir, included but was not limited to his being thrown upon his vehicle and beaten causing him to have a broken nose, fractured tooth and to sustain additional physical injuries.

9. At the time that Defendant, Officer R. Kiser, engaged in the physical abuse upon Plaintiff, Todd M. Lenoir, there was no justification for said abuse.

10. Plaintiff, Todd M. Lenoir, was taken to the Village of Crete Police Station and was there detained. Plaintiff, Todd Lenoir, was handcuffed by Defendant, Officer R. Kiser and was taken to the Crete Police Station .

ARDC: 3122602

2

11. Plaintiff was taken tb a Hospital where he was given medical service and then further detained handcuffed to a hospital bed.

12. Defendant, Officer Kiser, subsequently charged Plaintiff, Todd M. Lenoir, with Battery and Aggravated Battery, as well as several other offenses. Defendant, Officer R. Kiser, knew that the charges were improper and that there was no basis to detain or charge Plaintiff.

13. As a direct and proximate result of the misconduct of Defendant, Officer R. Kiser, Plaintiff, Todd M. Lenoir suffered the loss of liberty and was caused to suffer and continues to suffer physical and mental pain and anguish.

14. The acts, conduct, and behavior of Defendant, Officer R. Kiser, was performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the Plaintiff's rights, by reason of which Plaintiff is entitled to an award of punitive damages.

## COUNT 1

(42.U.S.C. & 1983 *Monell* Claim Against Defendant)

15. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

16. The actions of the Defendant as alleged above constitute excessive force in violation of the Fourth and Fourteenth Amendments and were done pursuant to one or more policies, practices and/or customs of Defendant, Village of Crete.

ARDC: 3122602

3

17. As a matter of both policy and practice, the Crete Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

18. As a matter of both policy and practice, the Crete Police Department facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Crete Police Department Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses as those affecting Plaintiff.

19. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Crete Police Department use excessive force on citizens in a manner similar to that alleged by Plaintiff in this Court on a frequent basis, yet the Crete Police Department makes findings of wrongdoing in a disproportionately small number of cases.

20. Defendant, Village of Crete, does not properly investigate police use of excessive force and discipline officers for use of excessive force.

21. Defendant, Village of Crete, deliberately fails to adequately keep hard copies and electronic computer records of misconduct to prevent patterns of misconduct from being established. These actions deliberately further the concealment of police misconduct.

ARDC: 3122602

REQUEST RECEIVED ON-ELINDSLEY@JSOTOSLAW.COM-09/14/2021 12:02:11 PM DOCUMENT SUPPLIED ON 09/15/2021 10:25:39 AM # 17197203387

22. When citizens complain to the Village of Crete that they have been subjected to use of excessive force by Village of Crete Police Officers, the Department's policy and practice is to affirmatively discourage those persons from pursuing criminal charges against the offending police officers; the Village's training in that regard is equally deficient. This policy and practice and lack of adequate training encourages Crete Police Officers such as the Defendant in this case, to use excessive force without fear of legal consequences.

23. The aforementioned policies, practices, and customs of failing to supervise, control and discipline officers, as well as the code of silence, which is permitted to exist, are the proximate causes of Constitutional and other legal violations, and Plaintiff's injuries.

24. Municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Crete Police Department by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

25. Defendant, Village of Crete, and its relevant policymakers have failed to act to remedy the patterns of abuse describe in the preceding paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

ARDC: 3122602

REQUEST RECEIVED ON-ELINDSLEY@JSOTOSLAW.COM-09/14/2021 12:02:11 PM DOCUMENT SUPPLIED ON 09/15/2021 10:25:39 AM # 17197203387

26. The policy, practice and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and maltreatment of persons, despite their obligation under police department regulations to do so. This conduct includes police officers who remain silent or give false or misleading information during official investigation in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

27. The aforementioned policies, practices, and customs individually and together have been maintained and implemented with deliberate indifference by the Village and have encouraged the individual defendant to commit the aforesaid wrongful acts against Plaintiff, and therefore acted as a direct and proximate cause of constitutional and other legal violations, and Plaintiffs' injuries.

WHEREFORE, Plaintiff request that the judgement be entered in favor of Plaintiff and against Defendant, Village of Crete, with Plaintiff being awarded compensatory damages, reasonable attorney's fees and costs in a sum in excess of $50,000.00, and for such further relief as this Court deems just.

ARDC: 3122602

REQUEST RECEIVED ON-ELINDSLEY@JSOTOSLAW.COM-09/14/2021 12:02:11 PM DOCUMENT SUPPLIED ON 09/15/2021 10:25:39 AM # 17197203387

## COUNT II
(42 U.S.C. & 1983, Excessive Force Claim)

28. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

29. By the above, Defendant, Officer R. Kiser, used and caused to be used unjustified force against Plaintiff, Todd M. Lenoir.

30. The above-described conduct by the individual Defendant against Plaintiff was without cause or justification and violated Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff request that the judgement be entered in favor of him and against Defendant, Officer R. Kiser, with Plaintiff being awarded compensatory damages, reasonable attorney's fees and costs in again in excess of the sum of $50,000.00, and for such further relief as this Court deems just.

## COUNT III
(42 U.S.C. & 1983, False Arrest Claim)

31. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

32. The actions of Defendant, Officer R. Kiser, caused the false arrest and lodging of false criminal charges against Plaintiff, and his imprisonment in violation of rights guaranteed under the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff request that the judgement be entered in favor of him and against

ARDC: 3122602

7

REQUEST RECEIVED ON-ELINDSLEY@JSOTOSLAW.COM-09/14/2021 12:02:11 PM DOCUMENT SUPPLIED ON 09/15/2021 10:25:39 AM # 17197203387

Defendant, Officer R. Kiser, with Plaintiff being awarded compensatory damages, reasonable attorney's fees, and costs, all in a sum in excess of $50,000.00 and such further relief as this Court deems just.

### COUNT IV
(Battery)

33. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

34. The above-described harmful, unjustified and offensive contact by Defendant, Officer R. Kiser, constituted battery under the common law of Illinois.

WHEREFORE, Plaintiff request that the judgement be entered in favor of him and against Defendant, Officer R. Kiser, with Plaintiff being awarded compensatory damages, costs, in a sum in excess of $50,000.00 and attorney's fees and such further relief as this Court deems just.

### COUNT V

(Intentional Infliction of Emotional Distress)

35. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

ARDC: 3122602

8

REQUEST RECEIVED ON-ELINDSLEY@JSOTOSLAW.COM-09/14/2021 12:02:11 PM DOCUMENT SUPPLIED ON 09/15/2021 10:25:39 AM # 17197203387

36. The above conduct of Defendant, Officer R. Kiser, in using excessive force against Plaintiff and then transporting him to the Crete Police Station, and detaining him after treatment at the hospital again at the police station was intentional and done with disregard for his safety and rights. Said actions by the individual Defendant were extreme, outrageous and caused and continue to cause Plaintiff to suffer pain and emotional distress.

WHEREFORE, Plaintiff request that the judgement be entered in favor of him and against Defendant, Officer R. Kiser, with Plaintiff being awarded compensatory damages, costs, attorney's fees in a sum in excess of $50,000.00 and such further relief as this Court deems just.

## COUNT VI
(Malicious Prosecution)

37. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

38. The above conduct of Defendant, Officer R. Kiser, caused the institution of judicial proceedings against Plaintiff, Todd M. Lenoir, which are still pending. Said conduct of Defendant, Officer R. Kiser, was without probable cause and with malice and resulted in significant suffering by Plaintiff, Todd M. Lenoir.

WHEREFORE, Plaintiff request that the judgement be entered in favor of him and against Defendant, Officer R. Kiser, with Plaintiff being awarded compensatory damages, costs, and attorney's fees in a sum in excess of $50,000.00 and such further relief as this Court deems just.

ARDC: 3122602

REQUEST RECEIVED ON-ELINDSLEY@JSOTOSLAW.COM-09/14/2021 12:02:11 PM DOCUMENT SUPPLIED ON 09/15/2021 10:25:39 AM # 17197203387

## COUNT VII
### (Respondent Superior)

39. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

40. In committing the acts alleged in the preceding paragraphs, Defendant, Officer R. Kiser, was a member of, and agent of, the Crete Police Department acting at all relevant times within the scope of his employment.

41. Defendant, Village of Crete, is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff requests that judgement be entered in favor of him and against Defendant, Village of Crete, awarding compensatory damages in a sum in excess of $50,000.00 on the state law claims of battery, intentional infliction of emotional distress and malicious prosecution, and that this Court grant such further relief as the Court deems just.

## COUNT VIII
### (State Law Indemnification)

42. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

43. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities. Defendant, Officer R. Kiser, was an employee of Defendant, Village of Crete, who acted within the scope of his employment in committing the misconduct described herein.

ARDC: 3122602

10

44. Moreover, Plaintiff is a third-party beneficiary of a contract between Defendant, Village of Crete, and the union(s) representing Officer R. Kiser, in which contract Defendant, Village of Crete, has obligated itself to pay for all judgements for compensatory damages, attorneys' fees and costs against Defendant, Officer R. Kiser.

WHEREFORE, Plaintiff requests that judgement be entered in favor of him and against Defendant, Village of Crete, and Officer Kiser for the amounts of any compensatory damages, attorneys' fees and costs awarded against Defendant, in a sum in excess of ($50,000.00) Fifty Thousand and no/100ths Dollars,

Respectfully submitted,

Robert A. Wilson, Attorney at Law
401 S. LaSalle Street, Suite 900
Chicago, IL 60605
Phone: 312-582-0331
Fax:   312-427-4945
Email: rwilson@rawilsonlaw.com
ARDC: 3122602

ARDC: 3122602

REQUEST RECEIVED ON-ELINDSLEY@JSOTOSLAW.COM-09/14/2021 12:02:11 PM DOCUMENT SUPPLIED ON 09/15/2021 10:25:39 AM # 17197203387